FILED
NOV - 3 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Ellen L. Delaine, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06 1881 |
| ) | |
| United States *et al*, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION

This matter is before the Court on its initial review of the complaint submitted *pro se* and the application to proceed *in forma pauperis*. In *in forma pauperis* proceedings, the Court is required to dismiss a case "at any time" upon a determination that the complaint, among other enumerated grounds, is frivolous or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). Moreover, the Court must dismiss a complaint when it "lacks jurisdiction of the subject matter." Fed. R. Civ. P. 12(h)(3). Plaintiff's sundry allegations against multiple defendants compel dismissal of some claims and transfer of the remaining claims.

Plaintiff is a resident of Washington, D.C. Liberally construing the complaint, the Court determines that plaintiff is seeking monetary damages against the following defendants: the United States, the United States Park Police, the District of Columbia, the Commonwealth of Virginia, Arlington County, Virginia, MWAA Airport Police, Sheryl E. Ellison, William S. Fralin, Thomas H. DeLaine and Franklin P. DeLaine. The Court lacks jurisdiction over the claims against the United States and its agency because there is no indication that plaintiff has exhausted her administrative remedies as required under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 *et seq*. An FTCA claim may be brought in federal court only after the

plaintiff has exhausted administrative remedies by "first present[ing] the claim to the appropriate Federal agency...." 28 U.S.C. § 2675. The exhaustion of administrative remedies is a jurisdictional prerequisite. *See GAF Corp. v. United States*, 818 F.2d 901, 917-20 (D.C. Cir. 1987); *Jackson v. United States*, 730 F.2d 808, 809 (D.C. Cir. 1984); *Stokes v. U.S. Postal Service*, 937 F. Supp. 11, 14 (D.D.C. 1996). The complaint against the United States therefore will be dismissed.

Plaintiff makes no specific allegations of wrongdoing involving the District of Columbia and therefore fails to state a claim against this defendant upon which relief may be granted. Plaintiff's accusations against the named individuals consist of conclusory statements of a conspiracy involving unlawful electronic surveillance. Recently, this Court dismissed plaintiff's similar claims against these same defendants as so frivolous as to deprive the court of subject matter jurisdiction. *See Delaine v. United States Postal Service*, Civ. Action No. 05-1751 (D.D.C., Sept. 19, 2006) (Sullivan, J.), Mem. Op. at 2 ("This claim presents the type of "bizarre conspiracy theories" warranting dismissal for lack of subject matter jurisdiction.") (quoting *Best v. Kelly*, 39 F.3d 328, 330 (1994)). The Court will follow suit here.

The only allegations that provide some notice of a claim concern an encounter plaintiff had with airport police at Ronald Reagan Washington National Airport on October 26, 2005, which resulted in her arrest and commitment two days later to the Northern Virginia Mental Health Institute in Falls Church, Virginia. Compl. at 1-7. In essence, plaintiff alleges that the airport police used excessive force, unlawfully seized her property, and invaded her privacy while effecting her arrest. She claims violations of the Constitution and asserts common law torts. Plaintiff also sues the mental health facility for common law torts. *See id.* at 14. Because the events forming the basis of these claims occurred in Virginia, the Court finds it in the

interests of justice and judicial economy to transfer the remainder of the case to a judicial district where the claims could have been properly brought. *See* 28 U.S.C. § 1391(b) (requiring a civil action under the circumstances presented to be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."). A separate Order accompanies this Memorandum Opinion.

/s/ Rosemary M. Collyer
United States District Judge

Date: 17 Oct. 2006